UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CAROL IRENE RATULOWSKI,

    Plaintiff,

v.                               Case No. 09-C-270

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**ORDER**

Plaintiff Carol I. Ratulowski has filed a complaint seeking review of the decision of the Commissioner of Social Security. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. (Doc. # 2.) Upon review of that affidavit, it appears that plaintiff could not afford the $350 filing fee.

Ratulowski has also requested that counsel be appointed to represent her in this matter. (Doc. # 3.) She claims she lacks the financial resources to hire counsel on her own and asks that

the court appoint an attorney to assist her.

This request will be denied. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent an indigent litigant, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. *Id*. at 1072-73. Once the plaintiff has established that his reasonable efforts to obtain counsel were unsuccessful I may consider a nonexhaustive list of five factors:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

*Id.* at 1072.

Plaintiff does not indicate that she contacted any attorneys to obtain representation. This may be an avenue worth pursuing. If an attorney believes that plaintiff's case has merit, he or she may agree to represent plaintiff on a contingency fee basis at no cost to plaintiff.

In the event plaintiff is unable to obtain representation in this manner, however, she will have to represent herself, at least for now. From the complaint, I am unconvinced that the case has sufficient merit to appoint counsel. In addition, plaintiff is not incarcerated or otherwise incapacitated, and I see no reason why she would not be able to represent herself at this time. There is no showing that her claims are legally or factually complex such that attorney representation

2

would be essential to insure a just result. While facts may surface in the future that suggest otherwise, I conclude for now that plaintiff will be able to adequately represent herself. Accordingly, her request for appointment of counsel will be denied without prejudice.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's request to have the Court appoint counsel is **DENIED** without prejudice.

**IT IS ALSO ORDERED** that the clerk shall serve a copy of the complaint and this order on the Commissioner of Social Security. Plaintiff must provide defendant or his counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated this   12th   day of March, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge